# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MISHA SOLOMON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV 17-031-JHP-KEW |
| | ) | |
| **ROB FRAZIER,** | ) | |
| **Muskogee County Sheriff,**[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner, a pro se pretrial detainee in the Muskogee County Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1). A review of the petition shows she is challenging her detainer and a decision by the Muskogee County District Court, and she is requesting her immediate release from custody. Although these claims are proper for a habeas corpus petition under § 2241, Petitioner has failed to include in her petition any information, such as case numbers, which would identify the challenged detainer or decision. Petitioner, therefore, must file a proper amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner also is challenging "the validity and viability of the Muskogee County

---

[1] Because Petitioner is incarcerated in the Muskogee County Jail, the Muskogee County Sheriff is her custodian. *See Lopez v. LeMaster*, 172 F.3d 756, 763 (10th Cir. 1999) (citing Okla. Stat. tit. 19, § 513; tit. 57, § 47) ("Under Oklahoma law, a county sheriff is in charge of the jail and the prisoners therein."). *See also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973). Therefore, Rob Frazier, Muskogee County Sheriff, is substituted as the respondent in this case, and the case name is hereby changed to Misha Solomon, Petitioner v. Rob Frazier, Muskogee County Sheriff, Respondent. The Court Clerk is directed to note this substitution on the record.

Judicial System, including but not limited to, the judges, District Attorney's Office, and County Jail" (Dkt. 1 at 1). She complains that the District Attorney's Office has a conflict of interest, because the district attorney and the assistant district attorneys take bribes and show favoritism in criminal cases involving their families and friends (Dkt. 1 at 3). Petitioner requests that an investigation of the Muskogee County District Court and detention agencies be conducted by the Oklahoma State Bureau of Investigation and other investigatory agencies deemed appropriate by this Court (Dkt. 1 at 5). She further asks that "the Judges and District Attorneys be immediately suspended pending investigation, and that all individuals found guilty of any crime, negligence, or violation of rights be fired and barred from employment in criminal justice, stripped of their titles, disbarred by the Oklahoma State Bar Association, and prosecuted to the fullest extent of the law." *Id.*

Petitioner, however, "does not have a federal due process right to a police investigation." *Maxey v. Banks*, 26 F. App'x 805, 808 (10th Cir. 2001) (unpublished) (citing *DeShaney v. Winnebago Cty. of Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989) (holding that Due Process Clause generally does not impose affirmative duty on states to aid or protect their citizens)). *See also Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 433 (S.D.N.Y. 2012) ("[A]n individual has no constitutionally protected right to an investigation by government officials of alleged wrongdoing by other government officials.") (citations omitted).

Petitioner also raises the following claims that are not proper for a habeas corpus action:

2

> The Muskogee County Jail is unable or unwilling to provide safe, sanitary, or adequate living conditions. The jail is over capacity at all times. Inmates go extended periods without mats, blankets, towels, hygiene items, and clean jumpsuits. Inmates sleep directly on the floor, are not adequately fed, and are locked behind doors that regularly malfunction. . . .
>
> The Muskogee County Jail is unable or unwilling to provide adequate medical care. . . . During my incarceration, I was physically assaulted by another inmate during a miscarriage. Jail staff and nurses refused me any medical care, even after multiple requests to be examined. During a previous incarceration, I was attacked by several inmates and was bitten by another inmate diagnosed with Hepatitic [sic] C; jail staff and medical staff refused to provide me medical attention, even after multiple requests to be examined.

(Dkt. 1 at 3-4).

These claims regarding the conditions of confinement at the jail must be presented in a separate civil rights complaint, pursuant to 42 U.S.C. § 1983. If Petitioner files a proper civil rights complaint, she also must complete and file with the complaint a new motion for leave to proceed *in forma pauperis* on the Court's form, or pay the $350.00 filing fee and $50.00 administrative fee. Furthermore, if Plaintiff files a § 1983 complaint, she may present only claims that are personal to her, and she may not include the claims of others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Forms for filing a proper civil rights complaint pursuant to 42 U.S.C. § 1983 are available from the Court Clerk.

**ACCORDINGLY,** Petitioner is directed to file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the Court's form within twenty (20) days. The amended petition must include only claims that are proper for a habeas corpus petition, as discussed above. The Court Clerk is directed to send Petitioner the Court's form and

instructions for filing a proper § 2241 habeas petition in this case. Failure to submit a proper amended habeas corpus petition as directed will result in dismissal of this action.

**IT IS SO ORDERED** this 1st day of May 2017.

*[signature: James H. Payne]*
James H. Payne
United States District Judge
Eastern District of Oklahoma